No. 115,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEWAYNE V. HAMBRIGHT,
*Appellant*.

SYLLABUS BY THE COURT

At the time of sentencing, a district judge may, entirely within his or her discretion, increase or decrease the recommended probation terms set out in K.S.A. 2015 Supp. 21-6608(c)(1) and (c)(2) up to a maximum of 60 months. Such a modification in the probation term does not constitute a departure sentence as contemplated in K.S.A. 2015 Supp. 21-6815.

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 13, 2017. Affirmed in part, reversed in part, and remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

ARNOLD-BURGER, J.: Dewayne V. Hambright pled guilty to criminal damage to property, which had a recommended probation period of 24 months. The district court, on its own motion, sentenced Hambright to 36 months of probation. The court also ordered

1

Hambright to pay $60,000 restitution at a rate of $500 per month. Because we find that the district court did not abuse its discretion in setting a probation term of 36 months, we affirm Hambright's legal sentence. Additionally, Hambright argues that his restitution plan is unworkable. Because the plan required over half his income be devoted to restitution payments, we find the plan to be unworkable and thus an abuse of discretion. The case is remanded for the district court to consider a workable plan for Hambright to pay the agreed upon restitution.

FACTUAL AND PROCEDURAL HISTORY

Pursuant to a plea agreement, Hambright pled guilty to criminal damage to property, a severity level 7 felony, and theft, a class A misdemeanor. Hambright recognized that the State would recommend that he pay $60,000 in restitution.

The district judge imposed the presumptive sentence of 17 months in prison based upon Hambright's criminal history score of F for the felony criminal damage count and 12 months in jail on the misdemeanor theft count, for a total of 29 months. However, the judge deviated from the statutorily prescribed 24-month probation period and instead imposed a 36-month probation period. The judge's reason for this deviation was that "the welfare of the defendant will not be served by the 24-month statutory length of probation specifically due to the extremely significant amount of restitution in this case of $60,000." The journal entry of sentencing cites K.S.A. 2012 Supp. 21-6608(c)(5) as the basis for the extension.

The district court ordered Hambright to pay $60,000 in restitution, pursuant to the plea agreement, at a rate of $500 per month beginning 90 days after his release from custody in another case. At sentencing, Hambright testified that he was working about 45 hours per week as a restaurant server and earning approximately $200 a week. Hambright paid $250 per month for rent.

2

Hambright appealed the sentence and restitution plan.

ANALYSIS

*The district court did not impose an illegal sentence.*

Hambright argues that, because the district court sentencing journal entry cited K.S.A. 2015 Supp. 21-6608(c)(5) as the reason for the departure and K.S.A. 2015 Supp. 21-6608(c)(5) is not applicable to his crime, his sentence is illegal. Alternatively, Hambright argues that the district court did not have substantial and compelling reasons to depart from the recommended 24-month probation and that the district court erred by failing to provide notice of its intent to make a *sua sponte* departure as required by K.S.A. 2015 Supp. 21-6817(a)(3). The State acknowledges that K.S.A. 2015 Supp. 21-6608(c)(5) does not apply to Hambright's crime of conviction. But, the State argues that the district court was justified in departing from the presumptive 24-month probation period because it had substantial and compelling reasons to do so.

An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

K.S.A. 2015 Supp. 21-6608 states:

"(c) For all crimes committed on or after July 1, 1993, the duration of probation in felony cases sentenced for the following severity levels on the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes is as follows:

(1) For nondrug crimes the *recommended* duration of probation is:

(A) 36 months for crimes in crime severity levels 1 through 5; and

(B) 24 months for crimes in crime severity levels 6 and 7;

. . . .

(5) if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal." (Emphasis added.)

Hambright committed a severity level 7 nondrug felony. Hambright is correct that K.S.A. 2015 Supp. 21-6608(c)(5) cannot serve as a basis for departing from the recommended 24-month probationary period established in K.S.A. 2015 Supp. 21-6608(c)(1)(B). K.S.A. 2015 Supp. 21-6608(c)(5) can only serve as a basis for departing from the probationary periods mandated for severity level 8, 9, and 10 nondrug felony crimes in K.S.A. 2015 Supp. 21-6608(c)(3) and (c)(4). However, this does not necessarily make Hambright's sentence illegal.

A sentence is effective when pronounced from the bench. *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016). A journal entry that imposes a sentence at variance with the sentence pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). In this case, the sentence pronounced from the bench contained no reference to K.S.A. 2015 Supp. 21-6608(c)(5), although the court did use the language of the statute in its rationale that the 24-month term was not in the best interest of Hambright's welfare or the public welfare. As long as the sentence pronounced from the bench conformed to the statutes and was not ambiguous, it was a legal sentence. See *Gray*, 303 Kan. at 1014. We find that Hambright's sentence did conform to the statute for the reasons that follow.

4

*The decision to increase Hambright's probation term to 36 months, as opposed to the recommended 24 months, was not a departure sentence at all.*

Hambright argues that based on our Supreme Court's decision in *State v. Whitesell*, 270 Kan. 259, 13 P.3d 887 (2000), any increase from the recommended probation period constitutes a departure sentence and must be supported by substantial and compelling reasons. Hambright also argues that the district court erred by failing to provide notice of its intent to depart as required by K.S.A. 2015 Supp. 21-6817(a)(3). The State argues that the sentence was supported by substantial and compelling reasons, but it does not address the notice requirements. In affirming the district court's sentence, we disagree that this was a departure sentence at all. The decision to increase the recommended probation term was a discretionary one, and our review is limited to whether the district judge abused his discretion. Accordingly, K.S.A. 2015 Supp. 21-6817(a)(3) has no application to this case. To explain our position, further examination of *Whitesell* and its progeny is in order.

Whitesell *is reviewed.*

Whitesell was convicted of stalking for incidents that occurred in 1997. He was sentenced to 60 months' probation, although the "presumptive sentence [was] 24 months." 270 Kan. at 293. The "presumptive" probation term was 24 months because stalking was a severity level 10 person felony. K.S.A. 21-3438(a) (Furse 1995). As it applied to Whitesell, at that time, K.S.A. 1999 Supp. 21-4611(c) provided:

> "(c) For all crimes committed on or after July 1, 1993, the recommended duration for probation for all felony cases is as follows:
> (1) For nondrug crimes:
> (A) Thirty-six months for crimes in crime severity levels 1 through 5; and
> (B) 24 months for crimes in crime severity levels 6 through 10; and
> . . . .

5

"(3) Except as provided in subsections (c)(4) and (c)(5) the total period in all cases shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer."

Subsection (c)(4) provided that for nonsupport and restitution probation could be extended indefinitely for payment. Subsection (c)(5) provided that the court could extend or modify a probation after a hearing upon a finding of necessity, as long as it complied with the limits in subsection (c)(3).

Prior to sentencing the State filed a motion requesting that the court order a 60-month probation period for Whitesell. The district court granted the request. On appeal, without any discussion, the Supreme Court termed this as a departure sentence and found that the court must comply with K.S.A. 1999 Supp. 21-4716(a) and state "substantial and compelling reasons for the departure." 294 Kan. at 294. Because the court failed to do so, the Supreme Court vacated the sentence. At the time *Whitesell* was decided, all departure sentences were subject to appeal. 294 Kan. at 292-93; see K.S.A. 21-4721(a) (Furse 1995).

This court has continued to follow *Whitesell*, finding that an increase in the length of probation is a departure that must be supported by substantial and compelling reasons. See *State v. Schad*, 41 Kan. App. 2d 805, 825-26, 206 P.3d 22 (2009); *State v. Gordon*, 30 Kan. App. 2d 852, 857, 50 P.3d 100 (2002), *rev'd on other grounds* 275 Kan. 393, 66 P.3d 903 (2003); *State v. McIntyre*, No. 111,634, 2015 WL 4486795, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1020 (2016); *State v. Berry*, No. 103,788, 2010 WL 5490751, at *1 (Kan. App. 2010) (unpublished opinion); *State v. Walker*, No. 102,719, 2010 WL 5139994, at *2 (Kan. App. 2010) (unpublished opinion). But see *State v. Huff*, 31 Kan. App. 2d 717, 724, 71 P.3d 1185 (2003), *aff'd* 277 Kan. 195, 83 P.3d 206 (2004) (finding that sentencing a crime severity level 7 offender to 36 instead of 24 months of probation was not a departure and not appealable).

Our Supreme Court has not had an opportunity to revisit the issue. But the statute and the caselaw have changed significantly since *Whitesell*, putting in question whether any increase in the length of probation up to 60 months for those felonies outlined in K.S.A. 2015 Supp. 21-6608(c)(1) and (c)(2) would, upon further review, be considered a departure sentence at all.

*We examine the current sentencing scheme and changes that have occurred in the statutes and caselaw since* Whitesell.

An examination of the current sentencing scheme and the changes that have occurred in the statutes since *Whitesell* will lead us into a process of statutory interpretation, where our standard of review is unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014). When the legislature revises an existing law, the court presumes that the legislature intended to change the law as it existed prior to the amendment. *State v. Snellings*, 294 Kan. 149, 157, 273 P.3d 739 (2012).

We begin by examining the existing sentencing scheme. Our sentencing guidelines, which are contained in the revised Kansas Sentencing Guidelines Act

(KSGA), K.S.A. 2015 Supp. 21-6801 *et seq.*, provide standard sentences for offenders which fall within a certain range based on the offender's crime severity level and criminal history. K.S.A. 2015 Supp. 21-6804(c). There are three numbers in the sentencing range, a low number, a middle number, and a high number. The judge has discretion to sentence a defendant to any of the three numbers within that range. K.S.A. 2015 Supp. 21-6804(e)(1). The numbers in the range constitute the offenders "presumptive sentence" or "the sentence provided in the grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2015 Supp. 21-6803(q). Presumptive sentences are nonappealable. K.S.A. 2015 Supp. 21-6820(c)(1); see also *State v. Johnson*, 286 Kan. 824, 851-52, 190 P.3d 207 (2008) (presumptive sentences are nonappealable even if the sentences are the longest term in the presumptive grid block). A departure sentence is a sentence "which is inconsistent with the presumptive sentence for an offender." K.S.A. 2015 Supp. 21-6803(f). When a sentence falls in the presumptive nonprison grid box, the sentencing court is required to pronounce the prison sentence and the duration of the nonprison sanction at the sentencing hearing. K.S.A. 2015 Supp. 21-6804(e)(3).

The sentencing grid described above does not contain any number that would indicate the duration of the nonprison sanction, only whether the case is a presumptive prison or a presumptive nonprison case. See K.S.A. 2015 Supp. 21-6804(a). To find the length of probation one must consult K.S.A. 2015 Supp. 21-6608, which is *not* part of the KSGA. The statute sets forth various probation lengths based upon the severity level of the crime of conviction and whether it is a drug or nondrug crime. In this case, a severity level 7 nondrug crime, the *recommended* term is 24 months and the maximum term is 60 months. K.S.A. 2015 Supp. 21-6608(c)(1)(B) and (c)(6). The phrase "recommended term" is not the same as "mandatory term." A "recommended term" would be the same as a suggested term or an advisable term. Accordingly, based on the plain language of the statute, any probation term given that is less than 60 months would not be a departure at

all, because the only mandatory rule is that the probation not exceed the longer of 60 months or the maximum prison sentence that could be imposed. To analogize it to the sentencing provisions of the KSGA, the probation range in this case would be 24 months to 60 months.

This interpretation is supported by changes in the statute since *Whitesell* and set out in K.S.A. 2015 Supp. 21-6608(c)(3) through (5). The statute was changed to distinguish two groups of felony crimes that have mandatory probation terms of *up to* 12 months and *up to* 18 months respectively. K.S.A. 2015 Supp. 21-6608(c)(3), (c)(4). These mandatory terms may be increased only upon a finding that the safety of the public would be jeopardized or the welfare of the inmate will not be served by the 12-month or 18-month terms. K.S.A. 2015 Supp. 21-6608(c)(5). The maximum term would still be 60 months or the maximum prison sentence that could be imposed whichever is longer. K.S.A. 2015 Supp. 21-6608(c)(6). Any such increase from the mandatory term set out in subsections (c)(3) and (c)(4) is not considered a departure sentence and it not subject to appeal. K.S.A. 2015 Supp. 21-6608(c)(5). In other words, even though probation terms for certain crimes are mandatory rather than recommended, the court may still vary from the mandatory terms upon finding that the public safety will be jeopardized. When these provisions are read together, it would be inconsistent to hold that variance from the *recommended* probation terms would constitute a departure when the legislature clearly expressed that variance from the *mandatory* terms is not even to be considered a departure as long as certain findings are made. There is no statutory requirement that the court consider the safety of the public, or substantial and compelling reasons, in enlarging the period of probation up to the 60-month maximum for any crimes listed in the recommended probation provisions of K.S.A. 2015 Supp. 21-6608(c)(1) and (c)(2). Instead, based on the plain language of the statute, the decision regarding the term of probation in such cases is entirely discretionary.

9

This interpretation is further supported by a review of our legislature's handling of postrelease supervision sentences. Unlike probation, postrelease supervision is a component of the prison sentence. *State v. Williams*, 298 Kan. 1075, 1080, 319 P.3d 528 (2014). Our legislature has been clear that any variance from mandatory postrelease supervision periods constitutes a departure that must be supported by substantial and compelling reasons and is subject to appeal. K.S.A. 2015 Supp. 22-3717(d)(1)(D)(ii). Accordingly, the legislature certainly knows how to make a provision mandatory and subject to change only in response to a departure motion and specific findings. It did not do so in the case of recommended probation terms.

Since *Whitesell*, there have also been several changes in the caselaw regarding departure sentences. In response to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), K.S.A. 2000 Supp. 21-4716 was declared unconstitutional on its face as it applied to upward durational departures in *State v. Gould*, 271 Kan. 394, Syl. ¶ 3, 23 P.3d 801 (2001). If this was considered at the time to be a departure sentence, it would be an upward durational departure—increasing a mandatory 24-month probation term to 36 months. Since *Whitesell*, such a departure now requires a jury determination based upon *Apprendi* and *Gould*. See K.S.A. 2015 Supp. 21-6615(b). Moreover, in *State v. Carr*, 274 Kan. 442, 451, 53 P.3d 843 (2002), our Supreme Court held that probation is separate and distinct from the sentence. Probation does not increase or decrease the sentence required to be imposed by statute. Instead, it is a privilege, not a constitutional right. It is a substitute for time incarcerated, which an offender can accept or reject. 274 Kan. at 450-51. And as this court said in *Huff*, 31 Kan. App. 2d at 724, Huff's increased probation term from 24 to 36 months on a crime severity level 7 nondrug felony was not a departure under *Apprendi*.

In sum, we find that at the time of sentencing a district judge may, entirely within his or her discretion, increase or decrease the recommended probation terms set out in K.S.A. 2015 Supp. 21-6608(c)(1) and (c)(2) up to a maximum of 60 months. Such a

modification in the probation term does not constitute a departure sentence as contemplated in K.S.A. 2015 Supp. 21-6815.

*The district court's decision regarding the increase in Hambright's probation term from 24 to 36 months did not constitute an abuse of discretion.*

Because the decision to increase the term of probation provided in K.S.A. 2015 Supp. 21-6608(c)(1)(B) is a discretionary one, our review is limited to whether the district court abused its discretion. A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

Here, the district court had two primary reasons for exceeding the recommended probation term. First, the court cited Hambright's lengthy criminal history. The district court was considering Hambright's criminal history "in a short time period, which the Court considers eight or nine years to be." A review of Hambright's criminal history in his presentence investigation report shows that he has been convicted of the following crimes since 2006: driving while suspended (four convictions), no proof of insurance (two convictions), possession of drug paraphernalia, theft, battery (two convictions), forgery, driving while habitual violator, driving under the influence, and no driver's license. Given that Hambright averaged more than one crime per year in the last 10 years, it was reasonable for the judge to go beyond the ordinary probation period.

The district court's second reason for exceeding the recommended term of probation was that "the welfare of the defendant will not be served by the 24-month statutory length of probation specifically due to the extremely significant amount of restitution in this case of $60,000." If a defendant is ordered to pay restitution, the defendant's probation "period may be continued as long as the amount of restitution

11

ordered has not been paid." K.S.A. 2015 Supp. 21-6608(c)(7). Even with a 36-month probation period, it is unlikely that Hambright will be able to pay the $60,000 in restitution that he owes. Thus, it was reasonable for the district court to extend Hambright's probation period to 36 months.

Accordingly, we find that the district court did not abuse its discretion in imposing a 36-month probation term in this case.

*The district court's restitution plan constituted an abuse of discretion.*

Finally, Hambright argues that the district court abused its discretion by ordering Hambright to pay $500 per month pursuant to a restitution plan. Hambright does not contest the total $60,000 restitution amount. In fact he agreed, as part of the plea agreement, to pay the *entire* amount. At sentencing, Hambright testified that he earned about $200 per week and had monthly rent expenses of $250. Hambright says that having to pay $500 per month in restitution and $250 in rent would "result in an amount between $50 and $150 a month for all remaining expenses" and that no reasonable person would find this plan workable. The State argues that indigency should not absolve Hambright of his duty to pay restitution.

Although Hambright did not object to the restitution plan when the district court ordered it, he argues that his issue can be considered for the first time on appeal for two reasons:  (1) The issue involves only a question of law arising on proved or admitted facts and is determinative of the case, and (2) consideration of the claim is necessary to serve the ends of justice. Review of this issue is clearly appropriate under the first exception so we need not consider the second. All of the facts necessary to determine whether the restitution plan constitutes an abuse of discretion were established at the sentencing hearing. Neither party disputes the restitution amount or Hambright's income and

expenses. The only dispute is whether ordering Hambright to pay $500 per month is a workable plan.

Challenges to the amount of restitution and the manner in which it is made are reviewed under the abuse of discretion standard. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Davisson*, 303 Kan. at 1065.

K.S.A. 2015 Supp. 21-6607(c)(2) states that a "court shall order the defendant to . . . make reparation or restitution to the aggrieved party . . . unless the court finds compelling circumstances which would render a plan of restitution unworkable." This statute shows that "restitution is the rule, and finding that restitution is unworkable is the exception." *State v. Herron*, 50 Kan. App. 2d 1058, 1061, 335 P.3d 1211 (2014), *rev. denied* 301 Kan. 1049 (2015). Furthermore, the statute's "language makes it clear that the burden is on the defendant to demonstrate that a particular restitution plan is unworkable." *State v. King*, 288 Kan. 333, 356, 204 P.3d 585 (2009).

Hambright relies upon *Herron*, 50 Kan. App. 2d 1058, to support his argument that the district court abused its discretion. In that case, defendant Laurie Herron earned $680 per month, but after paying for her car, health insurance, rent, and food she only had $32 per week remaining. The district court ordered Herron to pay $6,864.10 in restitution over an 18-month period (approximately $381 per month). In making its restitution order the district court said that indigency alone was not enough to forgive Herron's restitution. This court reversed the district court, first holding that the district court made an error of law when it held that poverty alone could not make a restitution plan unworkable. 50 Kan. App. 2d at 1064. Next, this court held that the district court "abused its discretion by finding that the restitution it ordered would be 'workable' in light of Herron's financial circumstances." 50 Kan. App. 2d at 1064. This is because paying $381 per month "would

13

constitute more than half of [Herron's] total income—obviously an unworkable situation." 50 Kan. App. 2d at 1065.

Similarly, in *State v. Orcutt*, No. 101,395, 2010 WL 348281 (Kan. App.) (unpublished opinion), *rev. denied* 290 Kan. 1101 (2010), this court held that no reasonable person could have found workable a plan ordering a defendant to pay $7,500 in restitution at a rate of $650 per month. The defendant testified that "he received $980 per month in social security and after paying for rent, utilities, groceries, and medication he had no money left." 2010 WL 348281, at *5. Orcutt's case was remanded to the district court so that it could develop a workable restitution plan. 2010 WL 348281, at *6.

Hambright's situation is similar to that of the defendants in *Herron* and *Orcutt*. Hambright earns $200 per week. After subtracting $500 per month in restitution and $250 per month in rent, Hambright is left with very little money for transportation, food, and other necessities. Like in *Herron* and *Orcutt*, the restitution plan requires Hambright to forego over half of his monthly income. Based on this precedent, we find that the district court abused its discretion.

We do recognize that even at $500 per month Hambright would not have the entire $60,000 paid within 36 months. In fact, even if he were able to pay at that rate, he would only have a third of it paid by the end of his current term of probation. We further appreciate that unlike the other cases cited, Hambright committed as part of a plea agreement that he would pay the entire $60,000 and he should be held to the bargain he made to pay it all, even though no deadline was set out in the plea agreement for full payment. Finally, as our Supreme Court made clear in *State v. Gordon*, 275 Kan. 393, 406, 66 P.3d 903 (2003), Hambright's probation can be extended indefinitely, without a hearing, to allow for the complete payment of restitution. That said however, the cases clearly support Hambright's argument that the district court's current restitution plan

constituted an abuse of discretion. Accordingly, the case is remanded to the district court so that it can develop a workable restitution plan.

Affirmed in part, reversed in part, and remanded.