IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,844

STATE OF KANSAS,
*Appellee*,

v.

JAMES KINDER,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of the Kansas Sentencing Guidelines Act (KSGA) is a question of law subject to unlimited review.

2.

To ascertain the legislative intent underlying particular statutory provisions, appellate courts give effect, if possible, to the entire act. It is the court's duty, so far as practicable, to reconcile different provisions so as to make them consistent, harmonious, and sensible.

3.

K.S.A. 2016 Supp. 21-6603(g) defines probation in relevant part as "a procedure under which a defendant, convicted of a crime, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections."

1

4.

Once a sentence of confinement has been completed, a defendant cannot be sentenced to "probation" as defined by the KSGA.

5.

One exception to the general rule that an appellate court will not review a moot issue is where the question is capable of repetition and is of public importance.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 11, 2015. Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed January 5, 2018. Judgment of the Court of Appeals dismissing the appeal is reversed. Judgment of the district court is reversed.

*Samuel Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Daniel G. Obermeier*, assistant district attorney, argued the cause, and *Jacob G. Fishman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: The district court sentenced James Kinder to nine months' imprisonment. While it awarded Kinder credit for his nearly 12 months of pretrial confinement under K.S.A. 2016 Supp. 21-6615, it also imposed 18 months' probation. Because Kinder's credited jail time actually exceeded the sentence of confinement imposed for his crime, he argued he already served his sentence and the probation therefore was improper.

2

The Court of Appeals did not address whether sentencing Kinder to probation was in error and in violation of his Double Jeopardy rights, holding his sentence was a presumptive one under the Kansas Sentencing Guidelines Act (KSGA) and thus beyond judicial review. *State v. Kinder*, No. 112,844, 2015 WL 8590406 (Kan. App. 2015) (unpublished opinion) (citing K.S.A. 2016 Supp. 21-6820[c][1]).

We conclude Kinder is not actually challenging a presumptive sentence so review is appropriate. We further conclude probation cannot be imposed after the full sentence of confinement has been served. Accordingly, we reverse the lower courts.

FACTS AND PROCEDURAL BACKGROUND

The facts material to our analysis are straightforward. In Kinder's petition for our review of the Court of Appeals' decision under K.S.A. 20-3018(b), he agrees with the panel's recitation as follows:

"On July 29, 2013, the State charged Kinder with one count of mistreatment of a dependent adult, a severity level 8 person felony. According to the complaint, Kinder had been acting as a caretaker for the victim, Joyce Wilson, and he had failed to obtain necessary medical treatment for her condition. The case proceeded in district court for several months. On June 4, 2014, the district court entered a no-contact order prohibiting Kinder from contacting Wilson or her family. Then, on July 21, 2014, Kinder pled no contest to the charge. Since Kinder had no prior convictions or adjudications, the presentence investigation report calculated his criminal history score as I, resulting in a presumptive sentence of 7 to 9 months' imprisonment with 18 months' probation.

"The sentencing hearing occurred on September 12, 2014. The record reflects that prior to sentencing, Kinder was held in custody on the charge for 360 days from July 26, 2013, to July 21, 2014. At the hearing, the State asked the district court to impose the standard presumptive sentence of 9 months' imprisonment with 18 months' probation. Among other probation conditions, the State requested that the district court continue the

3

no-contact order. The State also noted that Kinder should receive 360 days of jail time credit. In response to the State's argument, defense counsel stated:

> 'I would ask the Court to sentence Mr. Kinder to the standard sentence of eight months. He has just four days short of 12 months already. So basically he has completed whatever sentence he would be—he would get. I don't think that really we even need probation since he has served out his sentence. . . . [H]e's maxed out his sentence. I don't really think that there's a need for probation in this case or the terms of probation.'

"At the conclusion of the hearing, the district court imposed the standard presumptive sentence of 9 months' imprisonment and granted probation for 18 months. The district court extended the no-contact order as a condition of probation. The district court also awarded Kinder 360 days of jail credit. Kinder timely appealed his sentence.

"On appeal, Kinder asserts that the district court erred by sentencing him to probation when he requested imposition of the already-served term of imprisonment. He claims that the district court's actions were contrary to the purpose of the Kansas Sentencing Guidelines Act (KSGA). Specifically, Kinder contends that 'a district court cannot order him to serve a term of probation against his will.' The State argues that this court does not have jurisdiction over the issue because Kinder received a presumptive sentence. In the alternative, the State argues that the district court did not err by requiring Kinder to serve probation." *Kinder*, 2015 WL 8590406, at *1.

ANALYSIS

Issue*: The district court erred in imposing probation when the underlying sentence of confinement already had been served.*

*Introduction*

The panel held that Kinder's sentence was within the presumptive range for his crime of conviction. K.S.A. 2016 Supp. 21-6803(q) ("presumptive sentence" is "the

4

sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history"). After all, the district court appeared to follow the KSGA. For a defendant who committed a severity level 8 nondrug offense and possessed a category of "I" criminal history, the corresponding grid block prescribed a sentencing range of 7 to 9 months. See K.S.A. 2016 Supp. 21-6804. Moreover, under these circumstances, the KSGA sentence was presumptive probation. K.S.A. 2016 Supp. 21-6804. Because presumptive sentences are not subject to appellate review, the panel held it had no jurisdiction. See K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 839-40, 247 P.3d 1043 (2011) (appellate court lacks jurisdiction to review presumptive sentence even when constitutional infirmity in individual sentence alleged).

As discussed below, however, the question on appeal is not whether Kinder's sentence is presumptive and thus nonreviewable. Rather, the question is more properly characterized as whether the district court was authorized to retain control of Kinder via probation after he had fully served his sentence, i.e., already spent more time in "credited" confinement than the KSGA maximum of nine months. Cf. *State v. Warren*, 297 Kan. 881, 882-85, 304 P.3d 1288 (2013) (acknowledging exceptions to rule prohibiting appeals from presumptive sentence when district court misunderstands its authority).

*Standard of review*

Our analysis requires review and interpretation of the KSGA. Interpretation of that statutory scheme is a question of law subject to unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

*Discussion*

The State points to several parts of the KSGA to argue that probation can exist even after a defendant's full term of incarceration has been served. So it argues by analogy that Kinder could be ordered on probation even after completion of his maximum term of incarceration.

As primary support, the State relies upon K.S.A. 2016 Supp. 22-3716 which concerns procedures and court sanctions after one's arrest for violating conditions of probation. The State contrasts the confinement limits expressly imposed by subsection (c)(7)—any "violation sanction imposed pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) shall not be longer than the amount of time remaining on the offender's underlying prison sentence"—with the lack of express confinement limits imposed by (c)(11). The latter subsection merely provides that confinement for such probation violations "is separate and distinct from the violation sanctions provided in subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) and (c)(1)(E)."

The State essentially argues that (c)(7) demonstrates the Legislature knew how to expressly limit confinement periods for probation violations to the amount remaining on the underlying prison sentence. It reasons that since (c)(11) does not express such limits, that subsection reflects a legislative intention to not always prohibit extending confinement for probation violations to "longer than the amount of time remaining on the offender's underlying prison sentence." Under the State's rationale, the court therefore can make Kinder subject to probation for "longer than the amount of time remaining" on his underlying prison sentence of nine months—although that time has already been served.

But other provisions of the KSGA suggest otherwise. As we stated in *State v. Bee*, 288 Kan. 733, 737-38, 207 P.3d 244 (2009):

6

"In order to ascertain the legislative intent underlying particular statutory provisions, this court must give effect, if possible, to the entire act. It is our duty, so far as practicable, to reconcile different provisions so as to make them consistent, harmonious, and sensible. *In re Adoption of G.L.V.*, 286 Kan. at 1041. When a conflict exists between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of that subject, the specific statute controls, unless it appears that the legislature intended to make the general act controlling. *State v. Williams*, 250 Kan. 730, Syl. ¶ 3, 829 P.2d 892 (1992)."

For example, K.S.A. 2016 Supp. 21-6603(g) provides the definition of the term "probation," identifying it as:

"a procedure under which a defendant, convicted of a crime, *is released by the court after imposition of sentence, without imprisonment except as provided in felony cases*, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections." (Emphasis added.)

The balance of subsection (g) then elaborates on the definition's limited exception, i.e., "imprisonment . . . as provided in felony cases":

"*In felony cases*, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, *as a condition of an original probation sentence* and up to 60 days in a county jail *upon each revocation of the probation sentence* pursuant to subsection (b)(3) of K.S.A. 2016 Supp. 21-6702, and amendments thereto." (Emphasis added.)

See also K.S.A. 2016 Supp. 21-6604(a)(3) (regarding the court's authority to release the defendant on probation in felony cases: "the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of an original probation sentence").

7

These statutes indicate that outside of making confinement a condition of probation—which is not Kinder's case—then probation is only imposed "without imprisonment."

Somewhat similarly, subsection (e) of K.S.A. 2016 Supp. 21-6603, when defining "parole" in the context of confinement in the county jail, provides such parole cannot be imposed after the term of confinement has *ended*:

> "Parole also means the release by a court of competent jurisdiction *of a person confined in the county jail* or other local place of detention after conviction *and prior to expiration of such person's term,* subject to conditions imposed by the court and its supervision." (Emphasis added.)

Accordingly, neither "probation" nor "parole" as defined by the KSGA would allow for imposition in Kinder's situation, i.e., when his sentence of confinement has already been completed. Indeed, both statutory definitions are consistent with the traditional definitions of those terms.

This court's decision in *State v. Carr*, 274 Kan. 442, 53 P.3d 843 (2002), is illustrative. Of relevance to our analysis, it declared, "'Just as a sentence of probation requires that some portion of the defendant's imprisonment or fine be *suspended*, so parole requires the conditional *forgiveness* of jail time . . . .'" (Emphasis added.) 274 Kan. at 450. Additionally, "Probation and parole are *dispositions alternate to the serving of a sentence*, and neither probation nor parole increase or decrease the sentence required to be imposed by statute." (Emphasis added.) 274 Kan. 442, Syl. ¶ 3.

Stated another way, the serving of the sentence is suspended in exchange for probation. But the suspension can be lifted and the service of the sentence begun if

8

probation is violated. As the *Carr* court described the exchange, "[A]n individual may either accept probation and be subject to serving the entire sentence if his or her probation is revoked or reject probation and elect to serve a known sentence." 274 Kan. at 451. Consequently, the Court of Appeals recently explained that probation "is a substitute for time incarcerated." *State v. Hambright*, 53 Kan. App. 2d 355, 363, 388 P.3d 613 (2017) (citing *Carr*, 274 Kan. at 451).

The *Carr* court's general statements also are consistent with the definitions of probation contained in a variety of sources. According to Black's Law Dictionary 1396 (10th ed. 2014) probation is:

> "A court-imposed criminal sentence that, subject to stated conditions, *releases a convicted person into the community instead of sending the criminal to jail or prison,* usually on condition of routinely checking in with a probation officer over a specified period of time." (Emphasis added.)

See also *United States v. Ramirez*, 421 F.3d 159, 164 (2d Cir. 2005) (quoting Black's Law Dictionary [7th ed. 1999]).

The *Ramirez* court also quoted Webster's Third New International Dictionary 1806 (1981) which defined probation as

> "'the action of *suspending the sentence of a convicted offender* in such a way that the offender is given freedom after promising good behavior and agreeing to a varying degree of supervision, to the usually imposed condition of making a report to a particular officer or court at stated intervals, and to any other additionally specified conditions.'" (Emphasis added.) 421 F.3d at 164.

See also *Word v. Com.*, 41 Va. App. 496, 502, 586 S.E.2d 282 (2003) (same). See also The American Heritage Dictionary of the English Language 1043 (1971) (Probation is:

"The action of *suspending the sentence* of one convicted of a minor offense and granting him provisional freedom on the promise of good behavior.") (Emphasis added.).

In sum, because Kinder's sentence of confinement already has been served, there can be no sentence to be suspended. And if there is no sentence, it obviously cannot be exchanged for probation. See *Carr*, 274 Kan. at 451 (probation is a disposition alternate to the serving of a sentence); *Hambright*, 53 Kan. App. 2d at 363 (probation is a substitute for time incarcerated); see also *Harris v. State,* 762 N.E.2d 163, 167 (Ind. Ct. App. 2002) (probation is a court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison); *Aranyos v. State*, 115 So. 3d 116, 120 (Miss. Ct. App. 2013) (same).

The State argues in the alternative that we should vacate Kinder's probation and remand for the district court to impose 12 months of postrelease supervision for his level 8 offense. See K.S.A. 2016 Supp. 22-3717(d)(1)(C). At oral arguments, Kinder appeared to agree that postrelease supervision is required even after service of the full term of his sentence. See *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007) ("The Kansas Legislature mandates that inmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence."); accord *State v. Williams*, 298 Kan. 1075, 1080, 319 P.3d 528 (2014) (complete sentence has two components—confinement and postrelease supervision).

We note, however, that Kinder was sentenced to probation well over 12 months ago. So remand for imposing postrelease supervision of 12 months would be pointless. While a similar argument could be made about the 18-month probation period that also has now expired, i.e., making the issue of its propriety moot, we granted review and applied a common exception to the rule that appellate courts will not review moot

10

issues—if such an issue "is capable of repetition and raises concerns of public importance." *State v. Hilton*, 295 Kan. 845, 850, 286 P.3d 871 (2012).

Judgment of the Court of Appeals dismissing the appeal is reversed; judgment of the district court is reversed.