NOT DESIGNATED FOR PUBLICATION

No. 123,215

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN S. NELSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed January 14, 2022. Affirmed in part, vacated in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: Jonathan S. Nelson appeals, asserting that he has received an illegal sentence. Nelson raises three issues. First, he claims the district court erred in imposing a 36-month extended term of probation. Second, he challenges his criminal history score based on inclusion of a driving under the influence (DUI) conviction from South Dakota. Third, Nelson challenges the constitutionality of the revised Kansas Sentencing Guidelines Act (KSGA).

1

Upon our review, we hold that the extended probation that was ordered pursuant to K.S.A. 2020 Supp. 21-6608(c)(5) is an illegal sentence. That probationary sentence is vacated, and the case is remanded with directions for the district court to resentence Nelson to probation under the correct legal standard. Second, we find no reversible error in the calculation of Nelson's criminal history score. Finally, we hold the KSGA does not violate section 5 of the Kansas Constitution Bill of Rights.

Accordingly, we affirm in part, vacate in part, and the case is remanded with directions to resentence Nelson to probation under the correct legal standard.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with a plea agreement, Nelson pled no contest to aggravated battery in violation of K.S.A. 2014 Supp. 21-5413(b)(1)(C), criminal restraint in violation of K.S.A. 2014 Supp. 21-5411, and lewd and lascivious behavior in violation of K.S.A. 2014 Supp. 21-5513(a)(2). In return for Nelson's no-contest pleas, the parties agreed to jointly recommend the district court impose a controlling 44-month sentence but grant an extended 36-month term of supervised probation.

At the plea hearing, the district court established that Nelson had read and understood the terms of the plea agreement. Upon accepting Nelson's no-contest pleas, the district court ordered a presentence investigation (PSI) report, which determined that Nelson had a D criminal history score. At sentencing, Nelson did not object to his criminal history or challenge the accuracy of the PSI report. The district court found Nelson's criminal history score was D, and based on the agreement of the parties, sentenced him to a controlling sentence of 44 months' imprisonment. Additionally, the district court granted Nelson an extended term of probation for 36 months.

In granting probation, the district court stated that it was "convinced" that Nelson had "no sense whatsoever of the impact of his actions." The district court expressed its "concern that the safety of the public is in jeopardy if [it did not] accept the agreement of the parties and impose a three-year term of probation" instead of the 24-month presumptive term. The district court also noted it was concerned over Nelson's welfare and found "he needs an external influence upon him in order to conform himself to living in ordered society in a way that minimizes the risk to society." Based on the safety of the public and the offender's welfare, the district court determined there was a basis under K.S.A. 2020 Supp. 21-6608(c)(5) to impose the three-year term of extended probation as provided in the plea agreement.

Nelson appeals.

EXTENSION OF PROBATION UNDER K.S.A. 2020 SUPP. 21-6608(c)(5)

On appeal, Nelson contends that "[t]he district court erred in imposing a 36-month term of probation, creating an illegal sentence." He makes two complaints. First, he argues the district court erred in extending his probation under K.S.A. 2020 Supp. 21-6608(c)(5) because that statutory provision does not apply to the severity level of his crime of conviction. Second, while acknowledging that the district court nevertheless had jurisdiction to extend the probation term pursuant to a different statutory provision— K.S.A. 2020 Supp. 21-6608(c)(1)(B)—Nelson argues that his extended probation term was an "upward durational departure" that violated his jury trial rights under *Apprendi v. New Jersey*, 530 U.S. 466, 475-76, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In brief, Nelson claims he was sentenced illegally based on statutory and constitutional grounds.

For its part, the State argues that the district court had "valid and unchallenged reasons" to impose the extended probation term despite relying on an inapplicable statute. The State also asserts that Nelson's constitutional challenge does not permit review for

3

the first time on appeal, but even if considered on its merits, his extended probation term does not violate the Sixth Amendment to the United States Constitution. We will review Nelson's two arguments separately.

At the outset, we consider our standard of review. Whether a sentence is illegal is a question of law over which appellate courts have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). To the extent this issue requires statutory interpretation, that is also a question of law over which we have unlimited review. *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019).

As Nelson concedes, he is challenging his probation term for the first time on appeal. Generally, issues not raised before the district court may not be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, because Nelson is challenging his sentence as being illegal, he contends this court may reach the issue because an illegal sentence may be corrected at any time under K.S.A. 2020 Supp. 22-3504(a), including when the issue is raised for the first time on appeal. See K.S.A. 2020 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such a sentence."); *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015) (holding the "language [of K.S.A. 22-3504(1)] has generally been interpreted to mean that 'an illegal sentence issue may be considered for the first time on appeal'").

Nelson acknowledges that in the plea agreement, he agreed to the 36-month extended probation he is now appealing from, but he argues this does not preclude our court from reviewing the issue because a defendant may not lawfully agree to an illegal sentence. See *State v. Hankins*, 304 Kan. 226, 231, 372 P.3d 1124 (2016). The State does not object to our consideration of this claimed illegal sentence as a violation of Kansas statutory law. We will consider this issue.

4

Although a court may correct an illegal sentence at any time, the illegal sentence statute has limited applicability. See *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). K.S.A. 2020 Supp. 22-3504(c)(1) defines an illegal sentence as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." See *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

On appeal, Nelson contends the district court imposed an illegal sentence because the extended probation did not conform to the applicable statutory provision. In particular, the statutory provision Nelson was sentenced under, K.S.A. 2020 Supp. 21-6608(c)(5), does not apply to the severity level 7 crime for which he was convicted. The State candidly concedes the issue: "Undoubtedly, K.S.A. 21-6608(c)(5) was inapplicable to Nelson's crimes." We agree.

Nelson was convicted of aggravated battery, a severity level 7 felony. As provided in K.S.A. 2020 Supp. 21-6608(c)(1)(B), the "recommended duration of probation" for a severity level 7 felony is 24 months. At the plea hearing, however, the prosecutor informed the district court: "The parties are going to also jointly recommend that under K.S.A. 21-6608, Section (c)(5) that the Court make a finding that a longer term of probation is needed for offender welfare and safety of the public, and that the probation should be extended for a term of three years . . . ." Defense counsel agreed. The district court accepted Nelson's pleas and found him guilty.

At sentencing, the district judge stated:

> "I am, pursuant to the plea agreement, suspending imposition of the sentence that I have just pronounced, and I am imposing probation. K.S.A. 21-6608(c)(5) allows the Court to make a finding that probation should be longer than the 24 months presumption, if the

5

Court articulates a finding that a longer term is needed for offender welfare and the safety of the public."

After making these findings, the district court imposed an extended three-year term of probation. Additionally, in sections IV and VII of the sentencing journal entry filed in this case, the district court memorialized the extended probation term: "36 months pursuant to plea agreement and K.S.A. 21-6608(c)(5)."

In summary, sentencing Nelson to an extended three-year probation pursuant to K.S.A. 2020 Supp. 21-6608(c)(5) was provided for in the plea agreement, stated at the plea hearing, invoked by the district court at sentencing, and memorialized in the sentencing journal entry.

As pointed out by Nelson, however, and as conceded by the State, K.S.A. 2020 Supp. 21-6608(c)(5) *does not apply* to Nelson's sentence for a severity level 7 felony. Rather, that subsection provides for extension of presumptive probation terms relating to severity level 8, 9, and 10 crimes. See K.S.A. 2020 Supp. 21-6608(c)(3), (c)(4), (c)(5). Quite simply, the extension of Nelson's probation under K.S.A. 2020 Supp. 21-6608(c)(5) resulted in an illegal sentence.

*Hambright* provides valuable guidance under similar factual circumstances to support our holding. In *Hambright*, the defendant entered into a plea agreement wherein he pled guilty to felony criminal damage to property, a severity level 7 felony. At sentencing, the district court ordered an extended 36-month probation term after finding that the welfare of Hambright or the public would not be served by the 24-month statutory term. Hambright appealed.

As summarized by our Supreme Court:

"Hambright appealed to the Court of Appeals, challenging the legality of his sentence and the workability of his restitution plan. On the first issue, he argued that his sentence is illegal under K.S.A. 22-3504 because it does not conform to K.S.A. 2018 Supp. 21-6608, the statute addressing probation duration. Specifically, he pointed out that K.S.A. 2018 Supp. 21-6608(c)(1)(B) sets a 24-month recommended duration of probation for his severity level 7 felony. He asserted that the district court erroneously applied K.S.A. 2018 Supp. 21-6608(c)(5) to extend his probation term to 36 months, because that subsection only applies to severity levels 8 through 10 crimes." 310 Kan. at 409.

Having set forth the factual background for its review of our court's decision, the Supreme Court analyzed the legality of the extended term of probation:

"Even the State concedes that the district court's reliance on K.S.A. 2018 Supp. 21-6608(c)(5) for authority to extend Hambright's term of probation, as stated in the journal entry, was erroneous. That subsection simply did not apply to Hambright's sentence for a severity level 7 felony. Ordinarily, when a district court's decision is based upon an error of law, an appellate court will label that action as an abuse of discretion and remand for the district court to apply the correct legal standard. See, e.g., *State v. Ardry*, 295 Kan. 733, 736-37, 286 P.3d 207 (2012) (sentence based on judge's erroneous legal conclusion; remanded for resentencing under correct legal standard); see also *Holt v. State*, 290 Kan. 491, 503, 232 P.3d 848 (2010) (district court's ban on inmate filing motions guided by erroneous legal conclusion; remand for correction)." *Hambright*, 310 Kan. at 411.

In *Hambright,* however, our court took a different approach. We first noted that although the sentencing journal entry mistakenly stated that the probation extension was authorized by K.S.A. 2020 Supp. 21-6608(c)(5), at the sentencing hearing "the sentence pronounced from the bench contained no reference to K.S.A. 2015 Supp. 21-6608(c)(5)." *State v. Hambright*, 53 Kan. App. 2d 355, 357-58, 388 P.3d 613 (2017), *rev'd* 310 Kan. 408 447 P.3d 972 (2019). Moreover, we found the sentence was not illegal because it was

not a departure sentence and the district court had discretion to find substantial and compelling reasons to extend the probation. *Hambright*, 53 Kan. App. 2d at 358. The Supreme Court disagreed, disapproved of our holding, and reversed and remanded for resentencing. *Hambright*, 310 Kan. at 420.

Our Supreme Court's holding in *Hambright* suggests the appropriate path forward under the circumstances is for our court to make a finding of an illegal sentence as related to the district court's error of law in extending probation under K.S.A. 2020 Supp. 21-6608(c)(5), vacate the sentence of probation, and remand with directions for the district court to resentence Nelson to probation under the correct legal standard.

Given our holding predicated on a statutory error, we decline to address Nelson's argument regarding a claimed constitutional error. See *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003) ("[W]here there is a valid alternative ground for relief, an appellate court need not reach constitutional challenges to statutes.").

CRIMINAL HISTORY SCORE

For his second issue, Nelson contends the district court erred in scoring his criminal history by including his prior conviction for DUI in South Dakota in arriving at a D criminal history score. Nelson asserts that if his argument is successful, it "would result in Mr. Nelson serving a legally correct, shorter sentence." In particular, Nelson argues the district court erred in scoring the conviction as an adult, nonperson misdemeanor because the South Dakota crime of DUI "is not comparable to any Kansas crime." See *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). Because Nelson believes the South Dakota DUI statute criminalizes broader conduct than the Kansas DUI statute, he asserts the prior conviction may not be used in scoring his criminal history. In response, the State asserts that Nelson's prior South Dakota DUI conviction, "however classified, had no impact on his properly scored criminal history."

8

Whether a district court erred in classifying a prior crime when calculating a criminal history score involves interpretation of the KSGA, which is a question of law subject to unlimited review. *State v. Smith*, 309 Kan. 929, 932, 441 P.3d 472 (2019).

Nelson concedes he did not object to his criminal history in the district court but argues the panel should consider his claim despite this omission. Our Supreme Court has found that courts may correct an illegal sentence at any time while the defendant is serving the sentence. See K.S.A. 2020 Supp. 22-3504(a). A defendant who stipulates to his or her criminal history at sentencing may not later challenge the existence of convictions listed in that criminal history, but he or she may later claim the sentence was illegal because the person or nonperson classification of a prior conviction was incorrect. *Dickey*, 301 Kan. at 1032. Here, Nelson is claiming he is serving an illegal sentence because the district court improperly included a prior out-of-state conviction that has no comparable crime in Kansas. As a result, we will review this issue.

Prior to Nelson pleading no contest, the parties anticipated that Nelson's criminal history score was D. The PSI report confirmed this score. At sentencing, Nelson opined that his criminal history "look[ed] accurate," and the district court proceeded to "sentence Mr. Nelson as a criminal history score D."

K.S.A. 2020 Supp. 21-6809 governs criminal history categories. To achieve the criminal history score of D, "[t]he offender's criminal history includes one adult conviction or juvenile adjudication for a person felony, but no adult conviction or juvenile adjudications for a nonperson felony." K.S.A. 2020 Supp. 21-6809. In addition to Nelson's prior South Dakota DUI conviction challenged on appeal, Nelson's criminal history included a 2010 conviction for sexual exploitation of a child. The PSI report classified this conviction as an adult person felony.

9

As the State argues, Nelson's prior adult person felony conviction for sexual exploitation of a child was sufficient to classify his criminal history score as D under K.S.A. 2020 Supp. 21-6809. Assuming Nelson's legal argument regarding his prior South Dakota DUI conviction is correct, the exclusion of that conviction would not affect his D criminal history score. As a result, the State concludes that "[a]t best, Nelson raises a harmless or moot error."

In his appellant's brief, Nelson does not contest or mention his 2010 prior sexual offense or explain how his prior 2010 adult person felony, alone, does not result in a D criminal history score. Moreover, Nelson did not file a reply brief to respond to the State's argument that this issue is moot or, at best, harmless error.

We are not persuaded that Nelson has established reversible error in the classification of his criminal history score. Nelson's criminal history classification score is D, regardless of whether his prior South Dakota DUI conviction is included in classifying his criminal history. See K.S.A. 2020 Supp. 21-6809. Under these circumstances, regardless of the inclusion of the South Dakota DUI conviction in his criminal history score, none of Nelson's statutory or constitutional rights were affected. See *State v. Metcalf*, No. 114,697, 2017 WL 3575233, at *1 (Kan. App. 2017) (unpublished opinion) ("When a defendant's criminal history score remains an A even if some challenged convictions weren't considered, our court has found arguments such as Metcalf's either moot (presenting no real issue) or unpersuasive because any error that was made would have been harmless.").

CONSTITUTIONALITY OF THE REVISED KANSAS SENTENCING GUIDELINES

Nelson's final argument on appeal is that the KSGA violates section 5 of the Kansas Constitution Bill of Rights because it permits judicial fact-finding of prior

convictions without first requiring the State to prove those convictions to a jury beyond a reasonable doubt.

A constitutional challenge to the KSGA involves a question of law subject to unlimited review. *Wetrich*, 307 Kan. at 555.

Nelson's claim based on the Kansas Constitution Bill of Rights is that section 5 reserves the jury trial right as it historically existed at common law when the state's Constitution came into existence. *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1133-34, 442 P.3d 509 (2019). Relying on cases cited by Justice Thomas in his *Apprendi* concurrence, Nelson asserts there was an American common-law right to a jury trial on penalty-enhancing prior convictions that predates Kansas statehood. And because the KSGA relies on judicial findings of prior convictions to determine presumptive sentences, Nelson surmises that the KSGA violates the common-law right to a jury trial provided in section 5.

Recently, our Supreme Court considered and rejected an identical argument in *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021). The Supreme Court held:

> "Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq.; no authority substantiates that defendants had such a jury trial right at common law when our state Constitution was adopted." 313 Kan. 638, Syl. ¶ 4.

*Albano* is dispositive of this issue. The KSGA does not violate section 5 of the Kansas Constitution Bill of Rights.

Affirmed in part, vacated in part, and remanded with directions to resentence Nelson to probation under the correct legal standard.

11