IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,259

STATE OF KANSAS,
*Appellee*,

v.

DEWAYNE V. HAMBRIGHT,
*Appellant.*

SYLLABUS BY THE COURT

Consistent with our precedent in *State v. Whitesell*, 270 Kan. 259, 13 P.3d 887 (2000), the recommended duration of probation of 24 months for a severity level 7 crime set forth in K.S.A. 2018 Supp. 21-6608(c)(1)(B) is the presumptive probation term and the district court's imposition of an extended term of probation beyond the 24 months constitutes a departure that must be supported on the record by substantial and compelling reasons.

Review of the judgment of the Court of Appeals in 53 Kan. App. 2d 355, 388 P.3d 613 (2017). Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed August 23, 2019. Judgment of the Court of Appeals affirming in part and reversing in part the district court is reversed as to the issue subject to review. Judgment of the district court is reversed, and the case is remanded with directions.

*Clayton J. Perkins*, of Capital Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

1

The opinion of the court was delivered by

JOHNSON, J.: Dewayne V. Hambright petitions this court for review of the Court of Appeals' decision that affirmed the sentencing court's imposition of an extended probation term as being a legal sentence, notwithstanding the lower court's reliance on an inapplicable statutory provision. Hambright argues that his sentence is illegal because the panel refused to apply the mandatory precedent of *State v. Whitesell*, 270 Kan. 259, 13 P.3d 887 (2000), which required the sentencing court to follow departure sentencing procedures to increase the statutorily recommended term of probation. We agree; *Whitesell* required the sentencing court to state for the record substantial and compelling reasons to depart from the presumptive duration of probation and its failure to do so resulted in an illegal sentence. Accordingly, we vacate the probation portion of Hambright's sentence and remand to the district court for resentencing.

FACTUAL AND PROCEDURAL OVERVIEW

Pursuant to a plea agreement, Hambright pled guilty to felony criminal damage to property and misdemeanor theft for events that took place on September 2, 2014. The plea agreement provided that the State would recommend the presumptive sentence of probation and restitution of $60,000. The district court followed the recommendations for probation and restitution in this case, but ordered that the probation would commence after Hambright completed his prison sentence in another case for which he was being sentenced at the same time. The total underlying period of incarceration in this case was 29 months.

The district court recognized that the "prescribed statutory period" of probation for Hambright's felony offense in this case was 24 months. But the court imposed a 36-month probation term after finding "that the welfare of the defendant w[ould] not be

served by the 24-month statutory length of probation specifically due to the extremely significant amount of restitution in this case of $60,000." The district court also cited Hambright's criminal history and found it was in the public's best interest that he repay as much restitution as possible, which would require a probation term longer than 24 months. The district court established a restitution payment plan of $500 per month.

Hambright appealed to the Court of Appeals, challenging the legality of his sentence and the workability of his restitution plan. On the first issue, he argued that his sentence is illegal under K.S.A. 22-3504 because it does not conform to K.S.A. 2018 Supp. 21-6608, the statute addressing probation duration. Specifically, he pointed out that K.S.A. 2018 Supp. 21-6608(c)(1)(B) sets a 24-month recommended duration of probation for his severity level 7 felony. He asserted that the district court erroneously applied K.S.A. 2018 Supp. 21-6608(c)(5) to extend his probation term to 36 months, because that subsection only applies to severity levels 8 through 10 crimes.

Further, Hambright argued that, pursuant to *Whitesell*, the extended probation term was a departure sentence. Consequently, K.S.A. 2018 Supp. 21-6815(a), and K.S.A. 2018 Supp. 21-6817(a)(3), required the district court to provide notice to the parties of its intent to depart and then find substantial and compelling reasons to impose a departure sentence.

The Court of Appeals agreed with Hambright that K.S.A. 2018 Supp. 21-6608(c)(5) did not apply to his severity level 7 conviction and, therefore, that statute could not serve as the basis for the district court to increase his probation term. *State v. Hambright*, 53 Kan. App. 2d 355, 357, 388 P.3d 613 (2017). But the panel sua sponte held that under the plain language of K.S.A. 2018 Supp. 21-6608(c), the sentencing judge has discretion to increase the recommended probation terms set out in K.S.A. 2018 Supp. 21-6608(c)(1) and (c)(2) up to 60 months or the maximum prison sentence that could be

3

imposed. 53 Kan. App. 2d at 361-63. The panel held that such a modification does not constitute a departure sentence as contemplated by K.S.A. 2018 Supp. 21-6815. 53 Kan. App. 2d at 363. Consequently, Hambright's sentence of 36 months' probation was not illegal. 53 Kan. App. 2d at 363-64.

The Court of Appeals recognized that *Whitesell* applied departure sentencing procedures to an increased probation term. But the panel declared that *Whitesell* no longer controlled due to changes in the law. *Hambright*, 53 Kan. App. 2d at 360-63. Consequently, the panel held that the sentencing judge had discretion to sentence Hambright to any term of probation from 24 months to 60 months without the necessity of making any findings and that such a sentence is not a departure. We granted Hambright's petition to review that holding.

With respect to the issue of the restitution plan's workability, the panel sided with Hambright. It determined that the court-ordered $500 per month payment was too large in relation to Hambright's monthly income and, consequently, that order was an abuse of discretion. The panel remanded to the district court to develop a workable restitution plan. 53 Kan. App. 2d at 367. The State did not cross-petition for our review of the panel's restitution holding, nor did the State respond in writing to Hambright's petition for review. Consequently, the panel's remand to the district court to develop a workable plan of restitution is unaffected by this decision.

LEGALITY OF THE EXTENDED TERM OF PROBATION

Under K.S.A. 22-3504, "[t]he court may correct an illegal sentence at any time," and, therefore, this court may consider an illegal sentence challenge for the first time on direct appeal. *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). We have defined an "illegal sentence" under K.S.A. 22-3504 as:

4

"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Hambright argues his sentence is illegal under the second option because it does not conform to K.S.A. 2018 Supp. 21-6608's provisions applicable to the permissible duration of his probation.

Even the State concedes that the district court's reliance on K.S.A. 2018 Supp. 21-6608(c)(5) for authority to extend Hambright's term of probation, as stated in the sentencing journal entry, was erroneous. That subsection simply did not apply to Hambright's sentence for a severity level 7 felony. Ordinarily, when a district court's decision is based upon an error of law, an appellate court will label that action as an abuse of discretion and remand for the district court to apply the correct legal standard. See, e.g., *State v. Ardry*, 295 Kan. 733, 736-37, 286 P.3d 207 (2012) (sentence based on judge's erroneous legal conclusion; remanded for resentencing under correct legal standard); see also *Holt v. State*, 290 Kan. 491, 503, 232 P.3d 848 (2010) (district court's ban on inmate filing motions guided by erroneous legal conclusion; remand for correction).

But here, the Court of Appeals found the journal entry to be erroneous as noncompliant with the district court's pronouncement from the bench, which the panel opined did not misapply K.S.A. 2018 Supp. 21-6608(c)(5). The panel reasoned that, although the sentencing judge's soliloquy used the particularized language contained within K.S.A. 2018 Supp. 21-6608(c)(5), it did not specifically recite the statute number.

5

But cf. *State v. Garcia*, 288 Kan. 761, 766, 207 P.3d 251 (2009) ("The [sentencing] court's indistinctness, however, was clarified with its journal entry later that same day.").

But Hambright's petition for review does not challenge that aspect of the Court of Appeals' decision. Rather, he challenges the panel's overruling of our prior decision in *Whitesell* to hold that the increased probation term was not a departure. The panel summarized its reinterpretation of the applicable statutes in the opinion's syllabus, to-wit:

> "At the time of sentencing, a district judge may, entirely within his or her discretion, increase or decrease the recommended probation terms set out in K.S.A. 2015 Supp. 21-6608(c)(1) and (c)(2) up to a maximum of 60 months. Such a modification in the probation term does not constitute a departure sentence as contemplated in K.S.A. 2015 Supp. 21-6815." *Hambright*, 53 Kan. App. 2d 355, Syl.

Hambright asks us to continue our current interpretation of the term of probation statutes, as established in *Whitesell*.

*Standard of Review*

The resolution of this case involves our interpretation of K.S.A. 2018 Supp. 21-6608 and provisions of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq. Statutory interpretation is a question of law over which this court has unlimited review. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

*Analysis*

Although we are dealing primarily with the meaning of subsections (c)(1) and (c)(6), for context we set forth all of the provisions of K.S.A. 2018 Supp. 21-6608(c), with emphasis added:

6

"(c) For all crimes committed on or after July 1, 1993, the duration of probation in felony cases sentenced for the following severity levels on the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes is as follows:

(1) For nondrug crimes *the recommended duration of probation* is:

(A) 36 months for crimes in crime severity levels 1 through 5; and

(B) *24 months for crimes in crime severity levels 6 and 7*;

(2) for drug crimes the recommended duration of probation is 36 months for crimes in crime severity levels 1 and 2 committed prior to July 1, 2012, and crimes in crime severity levels 1, 2 and 3 committed on or after July 1, 2012;

(3) except as provided further, in felony cases sentenced at severity levels 9 and 10 on the sentencing guidelines grid for nondrug crimes, severity level 4 on the sentencing guidelines grid for drug crimes committed prior to July 1, 2012, and severity level 5 of the sentencing guidelines grid for drug crimes committed on or after July 1, 2012, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation of up to 12 months in length;

(4) in felony cases sentenced at severity level 8 on the sentencing guidelines grid for nondrug crimes, severity level 3 on the sentencing guidelines grid for drug crimes committed prior to July 1, 2012, and severity level 4 of the sentencing guidelines grid for drug crimes committed on or after July 1, 2012, and felony cases sentenced pursuant to K.S.A. 2018 Supp. 21-6824, and amendments thereto, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation, or assignment to a community correctional services program, as provided under K.S.A. 75-5291 et seq., and amendments thereto, of up to 18 months in length;

(5) if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the

7

inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal;

(6) except as provided in subsections (c)(7) and (c)(8), *the total period in all cases shall not exceed 60 months*, or the maximum period of the prison sentence that could be imposed whichever is longer. Nonprison sentences may be terminated by the court at any time;

(7) if the defendant is convicted of nonsupport of a child, the period may be continued as long as the responsibility for support continues. *If the defendant is ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid;* and

(8) the court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term." (Emphasis added.) K.S.A. 2018 Supp. 21-6608(c).

The K.S.A. 2018 Supp. 21-6608(c) provisions germane to our discussion are that the recommended duration of probation for Hambright's crime is 24 months (subsection [c][1][B]); that the total period of probation in this case cannot exceed 60 months (subsection [c][6]); and that the probation may be continued as long as the $60,000 restitution order has not been paid (subsection [c][7]).

The panel focused on the Legislature's use of the word "recommended" in K.S.A. 2018 Supp. 21-6608(c)(1). The syllabus quoted above suggests that the panel believed the Legislature used "recommended" to imbue the sentencing judge with unfettered discretion to impose any probation term—from one day up to 60 months—thereby rendering the stated 24-month term purely precatory, i.e., merely "a suggested term." See

8

also 53 Kan. App. 2d at 361, 363. On the other hand, the body of the opinion declares that "the probation range in this case would be 24 months to 60 months," suggesting that the Legislature intended the stated 24-month duration of probation to be the minimum term that the sentencing court could impose. 53 Kan. App. 2d at 361. That inconsistency, however, does not affect our analysis here.

The panel acknowledged and discussed our prior decision in *Whitesell*. There, Whitesell was convicted of one count of stalking, a severity level 10 person felony. K.S.A. 21-3438(a) (Furse 1995). At that time, K.S.A. 1999 Supp. 21-4611(c)(1)(B) provided that "the recommended duration of probation" for crime severity levels 6 through 10 was 24 months. Before sentencing, the State filed a motion for a 60-month probation term. The district court agreed with Whitesell's counsel that extending probation beyond the statutorily presumed length of time was a departure, found that the State's motion met the departure requirements, and adopted the State's findings as substantial and compelling reasons to depart to a 60-month probation term. 270 Kan. at 293-94.

On direct appeal, this court stated that "Whitesell's conviction for stalking carried a *presumptive* guidelines sentence of 2 years' probation." (Emphasis added.) 270 Kan. at 293. *Whitesell* then reviewed whether the district court had complied with the departure sentencing requirements of K.S.A. 1999 Supp. 21-4716's [now codified as amended at K.S.A. 2018 Supp. 21-6815] and determined that the sentencing court had failed to state substantial and compelling reasons for departure on the record. 270 Kan. at 292-94. This court vacated Whitesell's sentence and remanded for resentencing with the advice that the sentencing court may cite appropriate reasons justifying the imposition of a departure. 270 Kan. at 293-94.

Notwithstanding a dearth of analysis as to why an increased probation term constitutes a departure sentence, *Whitesell* clearly treated it as such. The *Whitesell* opinion labeled the 24-month probation term set forth in the statute as the "presumptive" sentence and required the State to justify a departure from that presumption. The result of the State's failure to provide that justification was a sentence vacation and remand for resentencing.

Thereafter, the holding in *Whitesell* was treated as mandatory precedent. As the *Hambright* panel acknowledged, a plethora of Court of Appeals panels have applied *Whitesell*, e.g., *State v. Schad*, 41 Kan. App. 2d 805, 827, 206 P.3d 22 (2009) ("[T]his court has recognized that a deviation from the recommended term of subsection [c][1] of K.S.A. 21-4611 is considered a departure."); *State v. Gordon*, 30 Kan. App. 2d 852, 857, 50 P.3d 100 (2002) ("While a district court may impose a greater period of probation than the recommended term . . . such a deviation from the recommended term is deemed a departure requiring the court to state, on the record, substantial and compelling reasons for the deviation from the recommended term."), *rev'd on other grounds* 275 Kan. 393, 66 P.3d 903 (2003); *State v. McIntyre*, No. 111,634, 2015 WL 4486795, at *2 (Kan. App. 2015) (unpublished opinion) ("A district court must 'state on the record substantial and compelling reasons to deviate from the recommended term' of probation."); *State v. Berry*, No. 103,788, 2010 WL 5490751, at *1 (Kan. App. 2010) (unpublished opinion) (vacating 60-month probation term under *Whitesell* because the recommended duration of probation was 24 months and the departure sentencing statute "is very clear; a court must give its reasons for departing from our sentencing guidelines"). See also *State v. Bost*, 21 Kan. App. 2d 560, 571, 903 P.2d 160 (1995) ("The presumptive or 'recommended' nonimprisonment [probation, community corrections] term for a severity level 5 crime is 36 months."). But see *State v. Huff*, 31 Kan. App. 2d 717, 724, 71 P.3d 1185 (2003) (holding sentencing a severity level 7 crime to 36 months instead of the recommended 24

months was not a departure and was not an appealable sentence based on K.S.A. 2002 Supp. 21-4611[c][5]), *aff'd on other grounds* 277 Kan. 195, 83 P.3d 206 (2004).

The panel did not discuss what it believed that this court had done to indicate that it was departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) ("Court of Appeals is duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position."). Instead, the panel endeavored to interpret what the Legislature meant when it used the "recommended."

The panel makes some points that would be mildly seductive if one were to be writing on a clean slate. But that is not the case. As Hambright points out, when this court decided *Whitesell*, K.S.A. 1999 Supp. 21-4611(c) contained the same "recommended duration of probation" language upon which the Court of Appeals relies to interpret the statutory term of 24 months to be advisory, i.e., merely a suggestion. As noted above, *Whitesell* interpreted the language to manifest an opposite legislative intent, i.e., the stated term of months is intended to be the presumptive duration of probation. In other words, the *Hambright* panel purports to overrule the Kansas Supreme Court's statutory interpretation.

Of course, this court could choose to overrule its prior holding in *Whitesell*, albeit such a tack should not be employed simply to reach a result the current court deems more desirable. "The doctrine of stare decisis recognizes that '"once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised."'" *McCullough v. Wilson*, 308 Kan. 1025, 1032, 426 P.3d 494 (2018). We should not "lightly disapprove of precedent" because "adherence to precedent promotes the systemic stability in our legal system." *State v. Spencer Gifts,* 304 Kan. 755, 766, 374 P.3d 680

11

(2016). While "stare decisis is not an inexorable command," this court endeavors to adhere to the principle unless clearly convinced a rule of law established in its earlier cases "'was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.'" 304 Kan. at 766; *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 363, 361 P.3d 504 (2015).

The panel's rationale intimated that *Whitesell* was originally erroneous under the KSGA sentencing scheme, as it discussed portions of the "existing sentencing scheme" that were in place when this court decided *Whitesell*. The panel noted that the term "'presumptive sentence'" was defined as "'the sentence provided in a grid block,'" K.S.A. 2018 Supp. 21-6803(q) (formerly K.S.A. 21-4703[q] [Furse 1995]), and the term "departure" was defined as "a sentence 'which is inconsistent with the presumptive sentence for an offender,'" K.S.A. 2018 Supp. 21-6803(f) (formerly K.S.A. 21-4703[f] [Furse 1995]). *Hambright*, 53 Kan. App. 2d at 361. Because the grid box does not contain a number indicating the presumptive duration of the nonprison sanction—the length of probation was found in "K.S.A. 201[8] Supp. 21-6608, which is *not* part of the KSGA"— the panel contended that the increase in the probation duration should not have been defined as a departure by *Whitesell*. 53 Kan. App. 2d at 360-61.

Hambright counters that the panel overlooked other provisions in the KSGA. For instance, the KSGA definition of "durational departure" is "a departure sentence which is inconsistent with the presumptive term of imprisonment or *nonimprisonment*." (Emphasis added.) K.S.A. 2018 Supp. 21-6803(i); see also K.S.A. 21-4703(i) (Furse 1995) (defining "durational departure" as "a sentence which is inconsistent with the presumptive sentence as to the term of imprisonment, or the term of nonimprisonment"). Importantly, the term "nonimprisonment" includes probation. See K.S.A. 2018 Supp. 21-6803(o) ("'nonimprisonment,' 'nonprison' or 'nonprison sanction' means probation, community corrections, conservation camp, house arrest or any other community based disposition");

12

K.S.A. 21-4703(o) (Furse 1995) (same). Consequently, KSGA's definition of "durational departure" would indicate that the Legislature intended for there to be presumptive terms of probation. If so, deviating from the presumptive term would be a departure.

In their briefing to the Court of Appeals, neither party asked the court to overrule *Whitesell*; the panel embarked on that mission on its own, without the benefit of the litigant's advocacy. We are further disadvantaged by the State's failure to respond to the petition for review. The better practice would have been to have the benefit of thorough briefing before declaring a predecessor court's holding to be erroneous.

The panel also relied heavily on its assessment that changing conditions rendered *Whitesell*'s holdings unsound. As we noted above, the word the panel finds dispositive— "recommended"—did not change. In addition, the panel fashions an argument based upon the Legislature's amendments to K.S.A. 2018 Supp. 21-6608(c)(3) to (c)(5), which were effective on May 25, 2000. See K.S.A. 2000 Supp. 21-4611; L. 2000, ch. 182, § 6. Hambright points out that the amendments actually became effective before *Whitesell* was issued, but obviously that opinion did not take into account the amendments.

Specifically, the *Hambright* panel asserted that the terms of probation for the less severe felonies addressed in (c)(3) and (c)(4) are mandatory, unlike the "recommended" terms in subsections (c)(1) and (c)(2). But those mandatory probation terms can be increased under subsection (c)(5) if the sentencing court finds and sets forth with particularity the reasons that the safety of the public or the welfare of the inmate will not be served by the mandatory terms. Subsection (c)(5) expressly declares that an increase based on those findings is not considered a departure. The Court of Appeals opined that "it would be inconsistent to hold that variance from the *recommended* probation terms [in subsections (c)(1) and (c)(2)] would constitute a departure when the legislature clearly

13

expressed that variance from the *mandatory* terms is not even to be considered a departure as long as certain findings are made." *Hambright*, 53 Kan. App. 2d at 362.

But there is a different way in which to view the structure of the statute. Subsection (c)(5)'s express statement that an extension to a subsection (c)(3) or (c)(4) probation term is not a departure tells us that the Legislature would have known how to express that extensions to a (c)(1) probation are not to be considered a departure, but chose not to do so. Cf. *Schad*, 41 Kan. App. 2d at 825-27 ("By its plain and unambiguous language, K.S.A. 21-4611[c][5] applies only to those crimes covered by subsections [c][3] and [c][4] of that statute."). Similarly, the inclusion in one subsection but not another would invoke the rule of construction that the inclusion of one thing implies the exclusion of another, i.e. *expressio unius est exclusio alterius*. Moreover, the Legislature expressly provided for disparate treatment between subsections (c)(1) and (c)(2) and subsections (c)(3) and (c)(4), so that the panel's declaration of inconsistency is unpersuasive.

Perhaps more importantly, since *Whitesell* and *Schad* were published, the Legislature has amended K.S.A. 2018 Supp. 21-6608 six times and has declined to overrule the departure sentencing statutory interpretation set forth in *Whitesell* and followed in *Schad*. See L. 2014, ch. 102, § 5; L. 2013, ch. 76, § 3; L. 2012, ch. 150, § 30; L. 2011 ch. 30, § 65; L. 2010 ch. 136, § 248; L. 2009, ch. 132, § 9. "Legislative inaction may not be the strongest indicator of specific legislative purpose, [citation omitted], but it is *an* indicator." *State v. Jordan*, 303 Kan. 1017, 1021, 370 P.3d 417 (2016). See also *State v. Kleypas*, 305 Kan. 224, 261, 382 P.3d 373 (2016) ("[L]egislatures are presumed to be familiar with court precedent and to expect that its enactments will be interpreted accordingly."); *State v. Quested*, 302 Kan. 262, 278, 352 P.3d 553 (2015) ("The doctrine of stare decisis is particularly compelling in cases where, as here, the legislature is free to alter a statute in response to court precedent with which it disagrees but declines to do

so."). Certainly, in recent years, the Legislature has not been shy about legislatively overruling our decisions. Its inaction for nearly two decades on such a common occurrence as setting the term of probation is significant.

The panel also pointed to subsequent caselaw as support for its abandonment of *Whitesell*. For instance, the panel reasoned that if the increased probation term is considered a departure sentence, it is an upward durational departure, which requires a jury determination under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). See K.S.A. 2018 Supp. 21-6815(b) ("[A]ny fact that would increase the penalty for a crime beyond the statutory maximum, other than a prior conviction, shall be submitted to a jury and proved beyond a reasonable doubt."). But it is not abundantly clear that *Apprendi* would be applicable here. Cf. *State v. Carr*, 274 Kan. 442, 452, 53 P.3d 843 (2002) ("The distinction between probation and the imposition of a prison sentence renders the United States Supreme Court's *Apprendi* decision inapplicable to a sentencing judge's decision to impose a dispositional departure prison sentence rather than to grant probation."). Again, the panel's sua sponte consideration of the issue without briefing from the parties hampers the analysis. But certainly no party raised the issue that the sentencing scheme required by *Whitesell* is unconstitutional. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review). That question will have to wait until it is properly presented on appeal.

The foregoing leads us to inquire whether more good than harm will come by departing from the holding in *Whitesell*. The panel did not expressly address that question, although it inadvertently pointed to the resultant harm from its decision when it string-cited the many Court of Appeals decisions that have followed the precedent. Two decades of reliance on *Whitesell* by the lower courts counsels against discarding it, unless

15

there is a compelling reason to do so. Given that a sentencing court is still able to impose an extended duration of probation under the *Whitesell* paradigm and a sentencing court that orders restitution can still invoke K.S.A. 2018 Supp. 21-6608(c)(7) to continue probation until restitution is paid, the compulsion to change the procedure for imposing an extended probation is not readily apparent.

In short, the Court of Appeals decision overruling our holding in *Whitesell* and affirming the district court's departure to a 36-month period of probation is reversed. The matter is remanded to the district court for resentencing on the duration of probation under the correct legal standard.

Reversed and remanded with directions.