NOT DESIGNATED FOR PUBLICATION

No. 120,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE MARIE VANNOSTRAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed April 24, 2020. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Carissa Brinker*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.

PER CURIAM: Nicole Marie Vannostrand argues that we should vacate her sentence because the district court miscalculated her criminal history score and violated her rights as stated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when sentencing her. Because both of Vannostrand's arguments are moot, we dismiss her appeal.

1

FACTUAL BACKGROUND

Vannostrand pled no contest to giving a worthless check, a severity level 9 nonperson felony. Based on Vannostrand's criminal history score, her standard presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA) was 12 months' probation. Before sentencing, however, the district court provided the State and Vannostrand with notice that it might impose an upward dispositional departure sentence.

At sentencing, Vannostrand asked the district court to sentence her to probation. Nevertheless, the district court found that substantial and compelling reasons supported imposing an upward dispositional departure sentence. Specifically, the district court found that Vannostrand was not amenable to probation, was not amenable to treatment, did not accept responsibility for her crime, was wanted on outstanding warrants in other jurisdictions, and was likely to reoffend given her past conduct. The district court then sentenced Vannostrand to 12 months' imprisonment followed by 12 months' postrelease supervision.

Vannostrand has timely appealed her sentence.

ANALYSIS

On appeal, Vannostrand asks us to vacate her sentence for two reasons. First, she argues that the district court miscalculated her criminal history score by classifying her 2004 Washington assault conviction as a person felony. She asserts that by classifying her 2004 Washington assault conviction as a person felony, the district court increased her criminal history score from E to C. This, in turn, increased her presumptive term of imprisonment under the KSGA grid. Second, Vannostrand argues that the district court violated her rights under the Sixth Amendment to the United States Constitution and her due process rights under the Fourteenth Amendment to the United States Constitution by

using aggravating factors to change the disposition of her sentence without a jury first considering whether those aggravating factors existed beyond a reasonable doubt, as required by *Apprendi*.

But the State counters that Vannostrand's arguments are moot because she is no longer serving her prison sentence. Instead, she is now on postrelease supervision. Pursuant to Supreme Court Rule 2.042 (2019 Kan. S. Ct. R. 18), the State filed a notice of change in Vannostrand's custodial status on September 13, 2019.

Appellate courts exercise unlimited review when considering whether a party's argument is moot. Moreover, appellate courts do not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). A defendant's argument is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014).

In her brief, Vannostrand never addresses whether she remains in prison or is on postrelease supervision. Furthermore, Vannostrand has never responded to the State's change of custodial status filing. Regardless, the district court sentenced Vannostrand to 12 months' imprisonment on January 8, 2019. Following sentencing, Vannostrand immediately went into the Kansas Department of Corrections' custody. Because it has been more than a year since Vannostrand's sentencing, she has obviously served her term of 12 months' imprisonment.

Previously, panels of this court have held that the defendants' challenges regarding their criminal history scores were moot when the defendants had completed their prison terms but remained on postrelease supervision. See *State v. Barnes*, No. 117,783, 2018 WL 6005417, at *2 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. __

3

(September 27, 2019); *State v. Gregory*, No. 113,207, 2017 WL 1104475, at *4-5 (Kan. App. 2017) (unpublished opinion); *State v. Terrell*, No. 115,145, 2017 WL 1035328, at *2-3 (Kan. App. 2017) (unpublished opinion); *State v. Her*, No. 112,815, 2016 WL 3365755, at *4 (Kan. App. 2016) (unpublished opinion); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *1-2 (Kan. App. 2016) (unpublished opinion); *State v. Brown*, No. 112,825, 2015 WL 9286987, at *2-4 (Kan. App. 2015) (unpublished opinion); and *State v. Dunn*, No. 111,283, 2015 WL 2414362, at *2 (Kan. App. 2015) (unpublished opinion). In reaching their holdings, the preceding panels relied on prior versions of K.S.A. 2019 Supp. 22-3717(d)(1) and our Supreme Court's decision in *State v. Gaudina*, 284 Kan. 354, 354, 160 P.3d 854 (2007).

K.S.A. 2019 Supp. 22-3717(d)(1) provides that a defendant's term of postrelease supervision is mandatory, and the severity level of a defendant's crime determines the length of postrelease supervision. Here, because Vannostrand's crime of giving a worthless check constitutes a severity level 9 crime, the district court was required to sentence Vannostrand to 12 months' postrelease supervision under K.S.A. 2019 Supp. 22-3717(d)(1)(C)'s plain language. Accordingly, a defendant's criminal history score has no bearing on the defendant's postrelease supervision term. Instead, a defendant's criminal history score affects the length of the defendant's presumptive sentence and the presumed placement of the defendant, either in prison or on probation. See K.S.A. 2019 Supp. 21-6804(a).

Thus, it is readily apparent that Vannostrand's criminal history score challenge is moot. Even assuming for argument's sake that the district court miscalculated Vannostrand's criminal history score, the miscalculation did not affect her term of postrelease supervision. At most, the miscalculation affected the length of Vannostrand's presumptive sentence under the KSGA grid. Yet, because Vannostrand has already served the full presumptive sentence for a defendant with a criminal history score of C in

4

prison, resentencing her to the lower criminal history score of E would have no effect. We therefore dismiss this argument as moot.

Regarding Vannostrand's *Apprendi* challenge, the best outcome should she succeed on this argument would be if the district court followed the presumption and sentenced her to probation instead of prison. But several panels of this court have held that defendants' arguments about the district court wrongly sentencing them to prison instead of probation were moot when the defendants had already been released onto postrelease supervision. See *State v. Ellis*, No. 115,217, 2017 WL 3828499, at *2 (Kan. App. 2017) (unpublished opinion); *State v. Ludes*, No. 114,287, 2016 WL 6024640, at *3 (Kan. App. 2016) (unpublished opinion); *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at *3 (Kan. App. 2016) (unpublished opinion); and *Dunn v. State*, No. 104,853, 2011 WL 2206640, at *1 (Kan. App. 2011) (unpublished opinion). In fact, the *Ellis* panel noted that resentencing the defendant to probation after he had completed the prison portion of his sentence "would be tantamount to punishing him twice for the same offense." 2017 WL 3828499, at *2. More importantly, in *State v. Kinder*, 307 Kan. 237, Syl. ¶ 4, 408 P.3d 114 (2018), our Supreme Court held that "[o]nce a sentence of confinement has been completed, a defendant cannot be sentenced to 'probation' as defined by the KSGA." See also *State v. Newman*, No. 117,503, 2018 WL 2271536, at *1 (Kan. App. 2018) (unpublished opinion) (relying on *Kinder* when dismissing Newman's request to consider validity of his upward dispositional departure sentence from probation to prison because Newman had completed his sentence of confinement).

Thus, Vannostrand's completion of her prison term means it is now impossible for Vannostrand to be resentenced to probation instead of prison. As a result, Vannostrand's requested relief is an impossibility. We therefore dismiss Vannostrand's *Apprendi* challenge as moot as well.

And as a final point, we note that even if Vannostrand's *Apprendi* challenge was not moot, it would be meritless. In making her argument, Vannostrand recognizes that in *State v. Carr*, 274 Kan. 442, 452, 53 P.3d 843 (2002), our Supreme Court held that the *Apprendi* rule—requiring any fact that increases a defendant's sentence beyond the statutory maximum to be submitted to a jury and proven beyond a reasonable doubt— does not apply to a defendant's upward dispositional departure sentence. Despite this, Vannostrand argues that we should not follow our Supreme Court precedent in *Carr* because the United States Supreme Court's decision in *Southern Union Co. v. United States*, 567 U.S. 343, 359-60, 132 S. Ct. 2344, 183 L. Ed. 2d 318 (2012), establishes that the *Apprendi* rule applies to upward dispositional departure sentences, too.

But we are duty bound to follow Kansas Supreme Court precedent absent some indication that our Supreme Court is moving away from a prior holding. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). And we observe that recently our Supreme Court cited to the *Carr* holding with approval. See *State v. Hambright*, 310 Kan. 408, 420, 447 P.3d 972 (2019). In addition, another panel of our court rejected Vannostrand's exact argument when raised by another defendant, because the *Southern Union Co.* decision held that the *Apprendi* rule applied to fines; that is, the *Southern Union Co.* decision did not even address upward dispositional departure sentences. *State v. Miller*, No. 114,291, 2016 WL 4259972, at *8 (Kan. App. 2016) (unpublished opinion). Thus, there is no indication that our Supreme Court is moving away from its holding in *Carr*, which indicates that Vannostrand's *Apprendi* challenge would fail even if it was not moot.

Appeal dismissed.