NOT DESIGNATED FOR PUBLICATION

No. 121,730

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLAKE LEE MOSS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed October 30, 2020. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.


PER CURIAM: Blake Lee Moss pled guilty to a number of felonies and misdemeanors. Prior to sentencing, the State moved the court for an upward dispositional departure for Moss' sentence. The State argued that although Moss' sentence was presumptive probation, Moss had demonstrated that he was not amenable to probation through his actions before his current arrest. The district court agreed and granted the State's motion.

1

On appeal, Moss argues that the district court violated his constitutional rights by relying on facts not found by a jury to enhance his sentence. Alternatively, he argues there were not substantial and compelling factors warranting an upward dispositional departure. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2019, Moss pled guilty to fleeing or attempting to elude police, possession of marijuana, possession of drug paraphernalia, transporting an open container, driving under the influence, interference with law enforcement, leaving the scene of an accident, driving while suspended, and cruelty to animals. A presentence investigation report indicated that Moss and a criminal history score of F, meaning that his felony convictions were presumptive probation.

The State moved for an upward durational and dispositional departure, arguing that Moss was not amenable to probation and presented a risk of future danger to society. The State filed a second motion for upward dispositional departure which focused on the State's argument that Moss was not amenable to probation. According to the State, Moss had a history of violating bond conditions by breaking the law, failing to comply with probation conditions, and a general failure to comply with the requirements courts placed on him. This culminated with his current conviction, where the district court allowed Moss to return to residential treatment while awaiting trial. However, Moss absconded from residential treatment after testing positive for alcohol.

At sentencing, Moss argued that any fact supporting an upward departure would have to be found to exist by a jury. After hearing arguments from the parties, the district court granted the State's motion "[b]ased upon the defendant's prior interaction with the Court in this case and in his other cases." Based on that, the court found that there were substantial and compelling reasons to depart and not grant Moss probation. The court

2

ordered Moss to serve a 9-month sentence in prison, consecutive to a 24-month sentence in jail.

Moss timely appeals. Additional facts are added below as necessary.

ANALYSIS

Moss raises two arguments on appeal. First, he argues that his constitutional rights were violated when the court granted the State's motion for an upward dispositional departure by relying on facts that were not found by a jury. Second, Moss argues that if the court disagrees with his first argument, that there were not substantial and compelling reasons to support the upward dispositional departure.

*The district court did not violate Moss' constitutional rights by granting the State's motion for an upward dispositional departure.*

In essence, Moss argues that the court violated his jury trial rights by relying on a fact, other than the fact of a prior conviction, that increased his sentence from probation to imprisonment, in violation of the rules set out by the Supreme Court of the United States in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, as Moss acknowledges, the Kansas Supreme Court has held that *Apprendi* does not apply to upward dispositional departures in *State v. Carr*, 274 Kan. 442, 452, 53 P.3d 843 (2002).

In *Carr*, the Kansas Supreme Court concluded that "*Apprendi* applies only to upward durational departures of a sentence imposed." 274 Kan. at 452. As the court noted "[t]he distinction between probation and the imposition of a prison sentence renders the United States Supreme Court's *Apprendi* decision inapplicable to a sentencing judge's

3

decision to impose a dispositional departure prison sentence rather than to grant probation." 274 Kan. at 452.

Moss argues that the Kansas Supreme Court's decision in *Carr* was flawed and that the rule in *Apprendi* applies to upward dispositional departures. And as the State points out, the Kansas Supreme Court recently cited approvingly to its holding in *Carr*. See *State v. Hambright*, 310 Kan. 408, 419-20, 447 P.3d 972 (2019). However, this court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Kansas Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

The Kansas Supreme Court has given no indication that it intends to depart from its previous holding in *Carr*. This court recognized that as recently as September 2020, in *State v. Parker*, No. 121,966, 2020 WL 5740885, at *2 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* October 20, 2020. See *State v. Baker*, No. 121,727, 2020 WL 4913283, at *3 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* September 15, 2020; *State v. Vannostrand*, No. 120,941, 2020 WL 1969332, at *3 (Kan. App. 2020) (unpublished opinion) (noting, in dicta, the holding in *Carr*), *rev. denied* __ Kan. __ (September 25, 2020).

Based on the Kansas Supreme Court's holding in *Carr*, the district court did not violate Moss' constitutional rights by granting the State's motion for an upward dispositional departure.

*The district court did not err by finding substantial and compelling reasons to upwardly depart.*

For his second issue on appeal, Moss argues that there were not substantial and compelling reasons warranting an upward dispositional departure.

4

*Our standard of review is abuse of discretion.*

When the record supports the district court's stated reasons for the departure, we apply an abuse of discretion standard to determine whether a particular factor constituted a substantial and compelling reason to depart. *State v. Bird*, 298 Kan. 393, 397-98, 312 P.3d 1265 (2013); *State v. Morley*, 57 Kan. App. 2d 155, 161, 448 P.3d 1066 (2019), *rev. granted* ___ Kan. ___ (August 27, 2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). The party asserting an abuse of discretion—in this case Parker—bears the burden of demonstrating such an abuse of discretion exists. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A sentencing departure must be supported by substantial and compelling reasons justifying a deviation from the presumptive sentence under the revised Kansas Sentencing Guidelines Act, K.S.A. 2017 Supp. 21-6801 et seq. See K.S.A. 2017 Supp. 21-6815(a). "'Substantial'" means something real, not imagined; something with substance, not ephemeral. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015)."'Compelling'" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. 302 Kan. at 250.

Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019).

*There was substantial competent evidence to support the district court's decision.*

Kansas courts recognize that a lack of amenability to probation can be a substantial and compelling factor justifying an upward dispositional departure. *State v.*

5

*Rodriguez*, 269 Kan. 633, 647, 8 P.3d 712 (2000). Moreover, evidence of a lack of amenability to probation can be gleaned from "a defendant's demonstrated attitude when given prior opportunities at probation or other forms of supervised release." 269 Kan. at 647.

Here, there was substantial competent evidence to support the district court's determination that substantial and compelling reasons to grant the State's motion for an upward dispositional departure existed. While awaiting sentencing in an earlier case, Moss violated his bond conditions at least four times, including driving while under the influence. While in residential treatment on his earlier cases, Moss tested positive for alcohol and, while revocation for his positive alcohol test was pending, used marijuana. After his return to residential treatment, Moss tested positive for methamphetamine and failed to follow the treatment center's rules. Then, while on bond in this case, Moss again tested positive for alcohol and absconded from treatment.

There was substantial competent evidence to support the district court's conclusion that Moss "can't handle probation." Given Moss' history while on bond or probation, the district court did not abuse its discretion by granting the State's motion for an upward dispositional departure.

Affirmed.