NOT DESIGNATED FOR PUBLICATION

No. 126,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY McKIMMY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed September 6, 2024. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Anthony McKimmy contends he is serving an illegal sentence because a prior out-of-state conviction was improperly scored as a person felony crime. He is correct. We thus vacate McKimmy's sentence and remand for resentencing.

McKimmy pled guilty to possession of heroin, a severity level 5 drug felony. That crime occurred in April 2016. On December 1, 2020, the district court sentenced McKimmy to 32 months in prison. The court suspended the prison component of his sentence and placed McKimmy on probation for 18 months. The district court sentenced

1

McKimmy using a criminal history score of C. McKimmy did not object to his criminal history when he was sentenced. McKimmy's presentence investigation report listed one prior person felony—a 2018 Illinois conviction for grooming under 720 Ill. Comp. Stat. § 5/11-25 (2018).

Since then, McKimmy has violated the conditions of his probation many times and has served several jail sanctions. In September 2023, the district court imposed a 180-day prison sanction after McKimmy failed several drug tests. Two weeks later, he filed a notice of appeal. The State tells us that McKimmy's probation has since been revoked and he is serving his underlying sentence.

For the first time, McKimmy in this appeal contends that his Illinois grooming conviction was wrongly scored as a person felony. He maintains that the identical-to-or-narrower test adopted in *Wetrich* controls this issue. *State v. Wetrich,* 307 Kan. 522, 555, 412 P.3d 984 (2018). The State agrees.

*Several rules guide our decision here.*

This is a question of law over which appellate courts have unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). An illegal sentence is defined as a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); see *Mitchell*, 315 Kan. at 158. McKimmy's appeal concerns whether his sentence conforms to the applicable statutory provisions.

Even though McKimmy's time for a direct appeal has passed, a court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-

2

3504(a). A defendant may challenge a sentence as illegal even for the first time on appeal. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

Defendants who stipulate to their criminal history at sentencing cannot later challenge the existence of convictions listed in that criminal history, but defendants may later claim that their sentence was illegal because the person or nonperson classification of a prior conviction was incorrect. See *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015).

An offender's criminal history score is calculated using the offender's prior convictions, including out-of-state convictions. Prior convictions are convictions which occurred prior to sentencing in the current case. K.S.A. 2015 Supp. 21-6810(a); K.S.A. 2015 Supp. 21-6811(e). Prior convictions are classified as person or nonperson according to the law in effect at the time the current crime is committed. *State v. Terrell*, 315 Kan. 68, 75, 504 P.3d 405 (2022).

In April 2016, when McKimmy committed the crime of possession of heroin, the Revised Kansas Sentencing Guidelines Act—K.S.A. 2015 Supp. 21-6801 et seq.— directed sentencing courts to classify out-of-state convictions as nonperson crimes if Kansas did not have a comparable offense in effect on the date of the current crime. K.S.A. 2015 Supp. 21-6811(e)(3). McKimmy's sentence must conform to K.S.A. 2015 Supp. 21-6811(e)(3).

After McKimmy committed possession of heroin but before he was sentenced, our Supreme Court interpreted "comparable" to mean "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced. *Wetrich*, 307 Kan. at 562.

The *Wetrich* identical-to-or-narrower test applies to offenders who committed their crimes before *Wetrich* was decided but whose original sentences were finalized after *Wetrich* was decided. *State v. Thomas*, 311 Kan. 905, 916-17, 468 P.3d 323 (2020); *State v. Bryant*, 310 Kan. 920, 922, 453 P.3d 279 (2019).

In May 2019, the Legislature amended K.S.A. 21-6811(e)(3) and changed the test for classifying crimes as person and nonperson, abandoning the comparability test for felonies. See L. 2019, ch. 59, § 13. The May 2019 amendments to K.S.A. 21-6811(e)(3) do not apply to crimes committed before the effective date of the amendments. See *State v. Samuels*, 313 Kan. 876, 879, 492 P.3d 404 (2021); *State v. Hillard*, 313 Kan. 830, 852, 491 P.3d 1223 (2021).

McKimmy committed his 2016 crime of possession of heroin before the May 2019 amendments to K.S.A. 21-6811(e)(3) took effect. He was sentenced after *Wetrich* was decided. Accordingly, we agree with the parties that the *Wetrich* identical-to-or-narrower test applies here.

*We examine Illinois law.*

McKimmy was convicted in 2018 of grooming under 720 Ill. Comp. Stat. Ann. § 5/11-25 (2018). Under that statute:

> "(a) A person commits grooming when he or she knowingly uses a computer on-line service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child, a child's guardian, or another person believed by the person to be a child or a child's guardian, to commit any sex offense as defined in Section 2 of the Sex Offender Registration Act, to distribute photographs depicting the sex organs of the child, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child. As used in this Section, 'child' means a person under 17 years of age.

"(b) Sentence. Grooming is a Class 4 felony." 720 Ill. Comp. Stat. § 5/11-25 (2018).

McKimmy claims this Illinois grooming crime is not comparable to any Kansas person crime because—he contends—it criminalizes using an electronic device to solicit "any unlawful sexual conduct" with a child, including open and notorious consensual sexual intercourse from an unmarried 16-year-old. In Illinois, it is unlawful for a person to "knowingly ha[ve] sexual intercourse with another not his or her spouse if the behavior is open and notorious." 720 Ill. Comp. Stat. Ann. § 5/11-40 (2018). The State agrees.

*We contrast Kansas law.*

The comparable Kansas crime is electronic solicitation:

"(a) Electronic solicitation is, by means of communication conducted through the telephone, internet or by other electronic means, enticing or soliciting a person, whom the offender believes to be a child, to commit or submit to an unlawful sexual act.
"(b) Electronic solicitation is a:
(1) Severity level 3, person felony if the offender believes the person to be a child 14 or more years of age but less than 16 years of age; and
(2) severity level 1, person felony if the offender believes the person to be a child under 14 years of age.
"(c) As used in this section, 'communication conducted through the internet or by other electronic means' includes, but is not limited to, e-mail, chatroom chats and text messaging." K.S.A. 21-5509.

We need look no further than the child age element in these two statutes. The Illinois statute is broader than the Kansas statute because it criminalizes conduct against children believed to be over the age of 16 but under 17. The Kansas statute only applies to children believed to be under 16 years of age. McKimmy's Illinois grooming conviction must be scored as a nonperson felony.

5

We vacate McKimmy's sentence and remand with directions for the district court to resentence McKimmy, scoring his Illinois grooming conviction as a nonperson felony.

Sentence vacated and case remanded with directions.